**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Novotny and Lorna Schilling<br><br>Plaintiffs,<br><br>v.<br><br>Citibank, N.A.; LSF10 Master Participation Trust; Caliber Home Loans, Inc.; JP Morgan Chase Bank, N.A.; Mortgage Electronic Registration Systems, Inc.; and Does 1 through 100, Inclusive,<br><br>Defendants. | No. CV-19-0088-PHX-DGC<br><br>**ORDER** |

      Plaintiffs Edward Novotny and Lorna Schilling filed this action against LSF10 Master Participation Trust ("LSF10"), Caliber Home Loans, Inc. ("Caliber"), Citibank, N.A. ("Citibank"), JP Morgan Chase Bank, N.A. ("Chase"), and Mortgage Electronic Registration Systems ("MERS"), asserting state and federal claims. *See* Doc. 1-1. Defendants LSF10, Caliber, Citibank, and MERS move to dismiss. Docs. 7, 10, 14. For the following reasons, the Court will dismiss the complaint against LSF10, Caliber, Citibank, and MERS.

**I.      Background.**

      The Court takes the factual allegations of Plaintiff's complaint as true for purposes of the motions to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In March 2007, Byron Elliot borrowed $195,000 from Citibank to purchase the residence at 1531 E. Mahoney Avenue in Mesa, Arizona ("the property"). Doc. 1-1 at 3, 5. Elliot's loan was

secured by a Deed of Trust against the property, which identified Citibank as the lender, MERS as the beneficiary, and Elliot as the borrower. *Id.* at 5; Doc. 7-1 at 2. Elliot passed away in May 2014, and his loan went into default. Doc. 1-1 at 6. In March 2018, Caliber sent a payoff quote and instructions for curing the default to a title agency, which was working to help Plaintiffs purchase the property. *Id.* Plaintiffs were also working with a mortgage company to get a loan, and with a Caliber employee to complete the purchase. *Id.* The property was eventually sold at a foreclosure sale, but not to Plaintiffs. *Id.* Plaintiffs assert claims for wrongful foreclosure, fraud, unjust enrichment, breach of the duty of good faith and fair dealing, and violations of the Real Estate Settlement Procedures Act ("RESPA"). *Id.* at 6-12.

**II.     Rule 12(b)(6) Standard.**

A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

**III.    Discussion.**

The moving Defendants assert common and unique arguments, including that Plaintiffs lack standing, have waived their claims, and have failed to state a claim. Docs. 7 (Caliber and LSF10); 14 (joining Caliber and LSF10 motion); 10 (Citibank). Plaintiffs failed to respond to MERS (*see* Doc. 28), and their three-page response to Caliber and

LSF10, and four-page response to Citibank, fail entirely to engage Defendants' arguments (*see* Docs. 22, 23). Plaintiffs assert generally that Defendants improperly conducted the foreclosure sale and offered misleading information, allege numerous facts not included in their complaint, refer to no portion of their complaint, and cite only a single case. *Id.*

### A.  Failure to State Claims under Arizona Law.

#### 1.  Wrongful Foreclosure.

Plaintiffs allege wrongful foreclosure. Doc. 1-1 at 6. Arizona recognizes no such cause of action. *Zubia v. Shapiro*, 408 F.3d 1248, 1253-54 (Ariz. 2018); *Bermudez v. DHI Mortg. Co. Ltd.*, No. CV-17-02040-PHX-SPL, 2018 WL 2008998, at *2 (D. Ariz. Apr. 30, 2018). The Court will dismiss this claim with prejudice.[1]

#### 2.  Fraud.

Plaintiffs allege fraud in the concealment (Count 2) and "fraudulent scheme – RICO" (Count 6). Doc. 1-1 at 8, 13. A plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P 9(b). "To satisfy Rule 9(b), a pleading must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'" *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (brackets in original).

The only specific allegation in Count 2 asserts that Defendants "concealed the fact that the property was not properly transferred including (1) Financial Incentives paid; (2) existence of Credit Enhancement Agreements; and (3) existence of Acquisition Provisions." Doc. 1-1 at 8. Caliber and MERS assert, and Plaintiffs do not rebut, that this allegation is "simply a random list of things that might conceivably accompany a transfer of real property." Doc. 7 at 8-9. This unexplained list is insufficient to state a claim that

---

[1] Plaintiffs' only citation in their two responses is to *Schaeffer v. Chapman*, 861 P.2d 611 (Ariz. 1993), with no specific page cite. Doc. 23 at 4. In *Schaeffer*, the Arizona Supreme Court granted review on the following question: "Should the deed of trust be construed to require a 30-day notice and grace period after a default and prior to recording the statutory Notice of Trustee's Sale?" 861 P.2d at 612-13. Plaintiffs do not explain how or to which of their claims *Schaeffer* applies.

- 3 -

is plausible on its face, or to state with particularity the alleged misconduct and why it was misleading or false. *See* Fed. R. Civ. P. 9(b); *Cafasso*, 637 F.3d at 1055.

Plaintiffs' "fraudulent scheme – RICO" claim is similarly threadbare, alleging that Defendants "participated in a fraudulent scheme in the foreclosure sales of residential properties" and "set up transactions to create payments between the Defendants in the transfer of foreclosure sale properties which were misleading and designed to create a windfall." Doc. 1-1 at 13-14. Plaintiffs' general allegations fail to specify which transactions were misleading and how, as required by Rule 9(b). Nor have Plaintiffs alleged any facts showing that "two or more peopled [] agree[d] to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means," as required for a civil conspiracy claim. *See Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Tr. Fund*, 38 F.3d 12, 36 (Ariz. 2002); *Iqbal*, 556 U.S. at 678. The Court will dismiss these claims.

### 3. Unjust Enrichment.

To state an unjust enrichment claim, Plaintiffs must allege an enrichment, an impoverishment, a connection between the two, the absence of a justification for the enrichment and impoverishment, and the absence of a remedy provided by law. *See Freeman v. Sorchych*, 245 P.3d 927, 936 (Ariz. Ct. App. 2011). Plaintiffs admit that they were not parties to Elliot's loan or the Deed of Trust. Doc. 22 at 2. And they fail to allege that they had any other relationship with Defendants or legal interest in the property. As noted, they also do not explain how Defendants' alleged conduct was improper and misleading. They have failed to plead an unjustified impoverishment.

### 4. Breach of Duty of Good Faith and Fair Dealing.

Without a contractual relationship (or evidence of a joint venture), no basis exists for breach of the duty of good faith and fair dealing. *Jacobs v. Am. Family Mut. Ins. Co.*, No. CV-13-01404-PHX-SRB, 2013 WL 11785112 (D. Ariz. Aug. 29, 2013) (citing *Rawlings v. Apodaca*, 726 P.2d 565, 569 (1986)). Plaintiffs do not allege that they had a contract with Defendants. Doc. 1-1. Their response asserts that Defendants "continued to

communicate with [them] regarding purchase of [the property]" and "continued to accept mortgage payments," and that "[t]his continued recognition created a duty on the part of the Defendants to act responsibly and fairly." Doc. 22 at 3. Plaintiffs cite no supporting legal authority for this assertion. Nor do these allegations appear in their complaint, which states, to the contrary, that "Defendants refused to communicate or work with Plaintiffs despite several attempts by Plaintiffs." Doc. 1-1 at 12. Plaintiffs have failed to plead essential elements of breach of the duty of good faith and fair dealing.

**B.  State Law Claims Dismissed with Prejudice – Waiver.**

Plaintiffs' state law claims rely on the same basic allegation – that Defendants misled Plaintiffs in bad faith about the sale of the property, which was then fraudulently transferred at the trustee's foreclosure sale. *See* Doc. 1-1 at 8, 10, 12, 14. "Claims raising objections or defenses to a trustee's sale are governed by [A.R.S.] § 33-811(C)," which states:

> The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale.

*Zubia*, 408 P.3d at 1250-51 (quoting A.R.S. § 33-811(C)).

Under § 33-811(C), "a person who has defenses or objections to a properly noticed trustee's sale has one avenue for challenging the sale: filing for injunctive relief." *Id.* at 1251 (quoting *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 275 P.3d 598, 600 (Ariz. 2012)). A plaintiff waives all claims "which are based on a defective sale" if he fails to enjoin the trustee's sale. *Id.* Claims to quiet title, void the sale, and for post-sale damages all "depend on the sale's validity" and therefore constitute "defenses or objections" to the sale that may be waived under § 33-811(C). *Id.*

Plaintiffs' complaint does not allege that they sought injunctive relief before the foreclosure sale. Doc. 1-1. Nor do they respond to Defendants' assertions that they failed

to raise their claims before the foreclosure. Docs. 7 at 6; 10 at 8; 22. Rather, Plaintiffs state that they "were watching as the foreclosure date approached." Doc. 22 at 2-3. By failing to seek injunctive relief before the foreclosure sale, Plaintiffs have waived their "defenses and objections" to the sale, including their claims for damages and to vacate the sale and quiet title in the property. *See* Doc. 1-1 at 14-20; *Zubia*, 408 P.3d at 1250-51; *BT Capital, LLC*, 275 P.3d at 600. Having waived their state law claims pursuant to § 33-811(C), amendment would be futile, and the Court will accordingly dismiss Counts 2-4 and 6 with prejudice and decline to address Defendants' remaining arguments.

**C.   RESPA Claim.**

Plaintiffs assert a violation of RESPA because the "interest and income that Defendants . . . have gained is disproportionate" to Plaintiffs, and "the payments between the Defendants were misleading and designed to create a windfall." Doc. 1-1 at 13. The claim includes allegations about the Housing and Urban Development 1999 Statement of Policy, but includes no other specific facts about Defendants' conduct, nor any citations to a specific provision in 12 U.S.C. § 2601 *et seq*. *See id.* at 12-13. These allegations fail to provide "a short and plain statement" of the grounds for relief, assert a cognizable theory under RESPA, or plead sufficient factual content to state a claim that is plausible on its face. *See* Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 678; *Balistreri*, 901 F.2d at 699.

Defendants speculate about which RESPA provisions might apply and discuss additional problems with claims Plaintiffs may have been attempting to raise in Count 5. *See* Docs. 7 at 12-13; 10 at 11-12. But the Court will decline to address these issues as Plaintiffs' complaint is unclear, and their responses entirely fail to shed light on their claim or respond meaningfully to Defendants' arguments. Docs. 22, 23. This claim will be dismissed.

**D.   Leave to Amend.**

Plaintiffs seek leave to amend, but have failed to comply with LRCiv 15.1. *See* Docs. 22, 23. Moreover, the deadline in this case for amending pleadings passed 60 days after the Rule 16 Case Management Order was filed on April 12, 2019. Doc. 33 at 1.

Although Rule 15 sets a liberal amendment policy, *see* Fed. R. Civ. P. 15(a)(2), Rule 16 applies now because the Court's case management amendment deadline has passed. Rule 16 provides that deadlines established in a case management order may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 609. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). Where a party has not been diligent, the inquiry ends and the motion is denied. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson*, 975 F.2d at 609.

Plaintiffs' motions do not address why good cause for amendment exists, and the Court will accordingly deny the motion. Plaintiffs may seek leave to amend their RESPA claim to the extent they assert it against Caliber, LSF10, MERS, and Citibank, by addressing Rule 16's good cause standard and complying with the local rules. Plaintiffs' Counts 1-4 and 6 against Caliber, LSF10, MERS, and Citibank are dismissed with prejudice and cannot be amended.

**IT IS ORDERED:** that the motions to dismiss by Caliber Home Loans, LSF10, and MERS (Docs. 7, 14) and Citibank (Doc. 10) are **granted**. Counts 1-4 and 6 are dismissed with prejudice. Count 5 is dismissed without prejudice.

If Plaintiffs wish to seek leave to amend Count 5, they shall, by **August 2, 2019**, file a motion for leave to amend under Rule 15 of the Federal Rules of Civil Procedure, comply with Local Rule of Civil Procedure 15.1, and explain why good cause exists under Rule 16.

Dated this 16th day of July, 2019.

David G. Campbell
Senior United States District Judge